IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| David Scott Jackson,<br><br>                    Plaintiff,<br>v.<br><br>Pleasant View City Corporation, et al.,<br><br>                    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>Case No. 1:14-CV-111 TS<br><br>Judge Ted Stewart |

This matter is before the Court on Defendants' Motion for Judgment on the Pleadings. Defendants move that Plaintiff's Verified Complaint be dismissed with prejudice. For the reasons set forth below, the Court will grant Defendants' Motion, but dismiss Plaintiff's liberty interest claim without prejudice.

I. BACKGROUND

Plaintiff was Chief of Police for the Pleasant View Police Department until his unappointment by the Pleasant View City Council and Mayor on July 12, 2014.[1] While Plaintiff was serving as Police Chief, the wife of a Pleasant View police officer contacted Plaintiff and asked him to investigate a domestic family matter.[2] Plaintiff began investigating the matter, then went on a vacation. When Plaintiff was gone, the Pleasant View City Administrator began a separate investigation of the matter.[3] After returning from vacation, Plaintiff requested a management meeting with the Mayor and the City Administrator to discuss his concerns with the

---

[1] Docket No. 2, at 2.

[2] *Id.* at 4.

[3] *Id.*

1

City Administrator becoming prematurely involved in the investigation, and other similar concerns relating to Defendants' interference with police department operations.[4]  The City Administrator and Plaintiff engaged in a confrontational conversation.  During the meeting, the City Administrator claimed that Plaintiff had lost the trust and respect of his officers.  Following the meeting, the City Administrator gave Plaintiff a disciplinary form for insubordination and placed him on administrative leave.[5]  Later on, Defendants held a closed meeting at City Hall where they allegedly made negative statements about Plaintiff.  Plaintiff's attorney was unable to attend due to a scheduling conflict, and Plaintiff's local attorney was denied entry to the meeting.[6]  A majority of police officers came to City Hall at the same time as the closed meeting, and they remained present for the open meeting that followed.[7]  In the open meeting, the City Council voted 2-2 on the Mayor's motion to unappoint Plaintiff as Police Chief, the Mayor voted to break the tie, and he subsequently announced that Plaintiff was unappointed without cause.[8]

## II. LEGAL STANDARD

Plaintiff brings a 42 U.S.C. § 1983 action against Defendants, claiming his termination deprived him of liberty and property interests without due process.[9]  Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Defendants have submitted their Motion for Judgment on the Pleadings.  The Court reviews 12(c) motions under the standard of review applicable to a Rule 12(b)(6) motion to dismiss.[10]  When reviewing a motion for judgment on the pleadings, the

---

[4] *Id.* at 5.

[5] *Id.*

[6] *Id.* at 5–6.

[7] *Id.* at 7–8.

[8] *Id.* at 8.

[9] *Id.* at 2.

[10] *Bishop v. Fed. Intermediate Credit Bank*, 908 F.2d 658, 663 (10th Cir. 1990).

Court accepts all factual allegations in the complaint as true and consider such allegations and all reasonable inferences drawn therefrom in a light most favorable to the plaintiff.[11]  To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[12]  Further, while a plaintiff's factual allegations are to be taken as true, the complaint must "raise a right to relief above the speculative level."[13]

## III. DISCUSSION

### A.  PROPERTY INTEREST

Plaintiff claims Defendants deprived him of a property interest in his continuing employment without due process.  "When a plaintiff claims a property interest in [his] job, [courts] ask whether [he] had 'a legitimate expectation of continuing employment.'"[14]  "State law determines whether a claim to entitlement to employment is sufficient."[15]  The Utah Code provides certain rights of notice, hearing, and appeal, which might create a property interest in employment, but the code excludes police chiefs from its protections.[16]  Utah courts have recognized that the code specifically allows municipalities to terminate top-level employees, such as a police chief, without cause.[17]  By definition, at-will employees may be dismissed

---

[11] *Nelson v. State Farm Mut. Auto. Ins. Co.*, 419 F.3d 1117, 1119 (10th Cir. 2005).

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[13] *Twombly*, 550 U.S. at 555.

[14] *Eisenhour v. Weber Cty.*, 744 F.3d 1220,1222 (10th Cir. 2014).

[15] *McDonald v. Wise*, 769 F.3d 1202, 1210 (10th Cir. 2014).

[16] Utah Code § 10-3-1106.

[17] *Pearson v. South Jordan City*, 275 P.3d 1035, 1043 (Utah Ct. App. 2012).

without cause and lack a property interest in their employment.[18]  Consequently, there is no due process violation based on Plaintiff's unappointment.

Plaintiff claims that the procedures outlined in the City's code confer upon him a property interest in his continuing employment.  The municipal code states:

> The city council may remove the chief from office without cause, without charges being pressed, and without trial but with opportunity to be heard, whenever, in the opinion of the mayor with advice and consent of the city council, the good of the police service in the community will be served thereby; and the action of the mayor in making such removal shall be final and conclusive.[19]

Because the code says the police chief may be removed from office without cause, Plaintiff does not have a property interest in his continuing employment.  The code also does not require a trial or charges—further limitations which suggest that Plaintiff is employed at-will and lacks a property interest in his employment.  While the municipal code requires an opportunity to be heard, it does not require any particular level of hearing, and it does not require Defendants to place any particular weight on Plaintiff's comments.[20]  Further, an opportunity to be heard, without additional substantive limitations, does not create a property interest protected by the Fourteenth Amendment.[21]

Plaintiff claims that the provisions concerning the advice and consent of the city council and the good of the city create a substantive property right.  However, the Tenth Circuit has held that "where a governing body retains discretion and the outcome of the proceeding is not

---

[18] *Darr v. Town of Telluride*, 495 F.3d 1243, 1252 (10th Cir. 2007).

[19] Docket No. 2, at 17.

[20] Docket No. 23, at 10.

[21] *Crown Point I v. Intermountain Rural Elec. Ass'n.*, 319 F.3d 1211, 1216 (10th Cir. 2003) (quoting *Jacobs, Visconsi & Jacobs v. City of Lawrence*, 927 F.2d 1111, 1117 (10th Cir. 1991)).

determined by the particular procedure at issue, no property interest is implicated."[22]   In other words, since the City Council and the Mayor collectively had the discretion to dismiss Plaintiff and were not limited to a particular outcome by the procedures, the procedures did not create a property interest.   Additionally, the provisions allowing the Mayor to act based on his opinion and the directive that his decision be final and conclusive, further suggest that no property interest is created by the procedural requirements of the municipal code.

Plaintiff also claims that the municipal code is ambiguous and that this alleged ambiguity creates a property interest.   The alleged ambiguity concerns who had the discretion to remove Plaintiff—the City Council or the Mayor.[23]   Any ambiguity is irrelevant here because the Mayor acted as the tie-breaker.   Thus, both the Mayor and the City Council unappointed Plaintiff.   Even if the code were ambiguous, the question of who has the authority to dismiss Plaintiff is procedural, rather than substantive, and no property right is implicated.[24]   The municipal code contains no ambiguity concerning the City's discretion to remove Plaintiff without cause.

Plaintiff relies heavily on *Henderson v. Sotelo*[25] for the proposition that the advice and consent provision creates a substantive right, but neither the facts nor the law support Plaintiff's argument.[26]   Although the City Council tied 2-2 on the Mayor's motion to unappoint Plaintiff, the Mayor had the statutory authority to break the tie, and consequently the Mayor did receive the advice and consent of the City Council.[27]   Additionally, unlike *Henderson*, Plaintiff and

---

[22] *Ripley v. Wyo. Med. Ctr., Inc.*, 559 F.3d 1119, 1125–26 (10th Cir. 2009) (quoting *Crown Point I*, 319 F.3d at 1217).

[23] Docket No. 26, at 12–14.

[24] *Ripley*, 559 F.3d at 1125–26 (10th Cir. 2009) (quoting *Crown Point I*, 319 F.3d at 1217).

[25] 761 F.2d 1093 (5th Cir. 1985).

[26] *Id.* at 1097.

[27] Docket No. 23, at 12.

Defendants did not stipulate that the advice and consent was not obtained prior to the termination.[28]  Even though the advice and consent issue was undisputed in *Henderson*, the court still held that the purpose of the advice and consent provision was to maintain an appropriate balance of power in city government, "rather than to afford the appointed employees a proprietary interest in continued employment absent a showing of just cause for dismissal."[29] The court went on the state that "rather than granting a right to continued employment, [the provision] merely conditions an employee's removal on compliance with certain specified procedures."[30]  As stated, the Tenth Circuit has held that "procedural protections alone do not create a protected property right in future employment."[31]

## B.  LIBERTY INTEREST

Because Plaintiff has failed to establish a property interest, he must establish that Defendants' actions deprived him of a liberty interest before he can prevail on a due process claim.  To satisfy a liberty-interest claim, a plaintiff must demonstrate that: (1) statements were made that impugned the employee's good name, reputation, honor, or integrity, (2) the statements were false, (3) the statements occurred in the course of terminating the employee and foreclosed other employment opportunities, and (4) the statements were published.[32]  In their reply, Defendants focus on the publication element and the Court will do the same.

---

[28] *Henderson*, 761 F.2d at 1097.

[29] *Id.*

[30] *Id.*

[31] *See Asbill v. Housing Authority of Cactaw Nation*, 726 F.2d 149, 1502 (10th Cir. 1984).

[32] *McDonald*, 769 F.3d at 1210.

The Court finds that Plaintiff has not alleged publication or claimed Defendants placed the impugning statements on file.[33]  In *Bailey v. Kirk*,[34] the Tenth Circuit noted that courts have held that the presence of false and defamatory information in an employee's personnel file *may* constitute publication if not restricted for internal use.[35]  It is unnecessary to speculate what the legal conclusion might be for publication based on placing false and defamatory information in a personnel file, however, because Plaintiff has not made such an allegation in his Complaint. Plaintiff's Complaint does not contain sufficient factual matter for the element of publication to "state a claim to relief that is plausible on its face,"[36] and consequently, Plaintiff's Complaint does not "raise a right to relief above the speculative level"[37] for the publication element.

However, the Court will grant Defendant's Motion without prejudice on this issue.  The Court will permit Plaintiff an opportunity to amend his Complaint to attempt to state a claim on the alleged deprivation of a liberty interest.

## IV. CONCLUSION

It is therefore

ORDERED that Defendants' Motion for Judgment on the Pleadings (Docket No. 23) is GRANTED.  Plaintiff's claims based on a property interest are dismissed with prejudice. Plaintiff's claims based on a liberty interest are dismissed without prejudice.  Plaintiff is directed to file an amended Complaint within thirty (30) days of this Order.

---

[33] Docket No. 29, at 9, 12.

[34] 777 F.2d 567 (10th Cir. 1985).

[35] *Id.* at 580 n.18.

[36] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

[37] *Twombly*, 550 U.S. at 555.

DATED July 14, 2015.

BY THE COURT:

_____
TED STEWART
United States District Judge